# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AZIZ FETINCI, ARMADA TRUCKING
SERVICES, LLC, MUHAMED FETIC,
EXPRESS LINE LOGISTICS, INC.,             Case No.:    23-
and KENAN HUJDUR,                         Hon.:

           Plaintiffs,

v

RAYCO LOGISTICS, LLC, a Michigan
company, BRAVO LOGISTICS,
LLC, a Michigan company, and RAY
LAAMARI,

           Defendants.

_____/

HERTZ SCHRAM PC
By:   Steve J. Weiss (P32174)
      Daniel W. Rucker (P67832)
Attorneys for Plaintiffs
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI  48302
(248) 335-5000

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs, Aziz Fetinci; Armada Trucking Services, LLC; Muhamed Fetic;

Express Line Logistics, Inc.; and Kenan Hujdur, on behalf of themselves and all

others similarly situated, by and through their attorneys, Hertz Schram PC, for their

Class Action Complaint and Jury Demand against Defendants Rayco Logistics,

LLC, a Michigan company ("Rayco"), Bravo Logistics, LLC, a Michigan company ("Bravo"), and Ray Laamari ("Laamari"), states as follows:

## NATURE OF THE  ACTION

1.     This is a class action against Defendants Rayco, Bravo, and Laamari pursuant to which Plaintiffs, as class representatives on behalf of themselves and all others similarly situated, who are independent truck owner-operators, challenge unlawful violations by Defendants through Defendants' Independent Contractor Agreements (the "Leases") and payment practices, including the violation of Federal commercial transportation laws and regulations as follows:

   a. Defendants' Leases and payment practices unlawfully require Plaintiffs and Class Members to accept reduced compensation based on false or misleading information regarding the gross revenue paid for the loads hauled.

   b. Defendants' Leases and payment practices unlawfully require Plaintiffs and Class Members to provide escrow payments for unsupported and improper purposes.

   c. Defendants' Leases and payment practices unlawfully fail to provide Plaintiffs and Class Members with written terms that comply with Federal laws and regulations in addressing receipts for equipment, insurance costs and documentation, charge back

items and documentation, escrow payments and refunds, and compensation and shipment revenue information, among other things.

   d.   Defendants' Leases and payment practices unlawfully conceal, misrepresent, and/or omit information necessary for Plaintiffs and Class Members to protect their rights and interests.

2.   Plaintiffs further allege that Defendants Leases and payment practices violate the laws of the State of Michigan as to all Class Members, who each contracted with and engaged in business with Michigan Defendants through breaches of contract and fraudulent concealment, among other things.

3.   Plaintiffs seek declaratory and injunctive relief; an immediate accounting all funds paid or promised to Defendants for any load hauled by any Class Member; an immediate accounting of escrow funds and other funds deposited with or paid to Defendants by any Class Members during their association with Defendants; the payment to Class Members of all funds improperly withheld or retained by Defendants for any load hauled by any Class Member; the return of all escrow and other funds improperly retained by Defendants; Defendants' payment of interest as calculated under applicable law for all payments, escrow, and other funds improperly withheld or retained by Defendants; Defendants' payment of attorneys' fees and costs incurred by the

Class Members in this action; and all other relief deemed appropriate by the Court. Plaintiffs further request an immediate order enjoining and restraining Defendants from transferring, diverting, or otherwise concealing the Class Members' payments, escrow, other funds, and other amounts owed by Defendants to any Class Members or potential Class Members.

## **PARTIES, JURISDICTION, AND VENUE**

4.     Plaintiff Aziz Fentinci is an individual residing in Warren, County of Macomb, State of Michigan, in the Eastern District of Michigan ("ED Mich."), and he is a citizen of the State of Michigan.

5.     Plaintiff Armada Trucking Services, LLC, is an entity that does business in the State of Michigan, including the County of Wayne, State of Michigan.

6.     Plaintiff Muhamed Fetic is an individual residing in Clinton Township, County of Macomb, State of Michigan, in the ED Mich., and he is a citizen of the State of Michigan.

7.     Plaintiff Express Line Logistics, Inc., is an entity that does business in the State of Michigan, including the County of Macomb, State of Michigan.

8.     Plaintiff Kenan Hujdur is an individual residing in Tyler, County of Tyler, State of Texas, and he is a citizen of the State of Texas.

9.     Defendant Ray Laamari is an individual residing in the State of Michigan who does business in the County of Macomb, State of Michigan.

10.     Rayco Logistics, LLC, a Michigan company, has principal places of business located at 37251 Fiore Trail, Clinton Township, MI 48036, and at 35795 Groesbeck Hwy., Clinton Township, MI 48035, and does business in the State of Michigan as well as Kentucky, Texas, Missouri, Tennessee, Arkansas, South Carolina, Illinois, Minnesota, Kansas, and Alabama, among other places.

11.     Bravo Logistics, LLC, a Michigan company, has a principal place of business located at 35765 Groesbeck Hwy., Clinton Township, MI 48035, and does business in the State of Michigan as well as Kentucky, Texas, Missouri, Tennessee, Arkansas, South Carolina, Illinois, Minnesota, Kansas, and Alabama, among other places.

12.     This action arises in part under 49 U.S.C. §§ 14102 and 14704(a)(1) and (2), and 49 C.F.R. Part 376 *et seq.*, for violation of the leasing regulations governing the terms and conditions pursuant to which motor carriers may lease equipment from owner-operators for the transport of property.

13.     This United States District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, for federal question jurisdiction, because the claims herein arise under the laws of the United States.

5

14.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1337, for proceedings arising under an act of Congress regulating commerce, because the claims herein arise under the laws of the United States regulating commerce and the activities of motor carriers engaged in the transportation of property in interstate commerce.

15.     This Court also has supplemental jurisdiction over all state law claims made in this action pursuant to 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

16.     This Court has personal jurisdiction over Defendants because they reside in and/or conduct business in Michigan and have sufficient minimum contacts with Michigan.

17.     This Court has specific jurisdiction over Defendant because they reside in the forum and/or have purposefully availed themselves of this forum by engaging in business activity in the forum.

18.     Venue in this judicial District is proper pursuant to 28 U.S.C. § 1391(b)(1)(2), (c)(1)(2), as a defendant resides in the judicial district, a substantial part of the acts and practices complained of herein occurred in this judicial district, and 14 U.S.C. § 14704(d)(1), as multiple Plaintiffs reside in this judicial district, and the principal operating office of the carrier is located in this judicial district.

## **CLASS ALLEGATIONS**

19.    Plaintiff brings this action on behalf of himself as an individual and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (collectively, the "Class"):

> *All independent owner-operators who leased equipment to and/or operated equipment on behalf of Defendants Rayco Logistics, LLC; Bravo Logistics, LLC; and/or Ray Laamari at any time within 4 years prior to the date this action was filed or any time after this action was filed and/or who had an agreement to lease or operate equipment in effect at any time within 4 years prior to the date this action was filed or any time after this action was filed and/or whose claims are preserved by tolling arising from Defendants concealment.*

20.    <u>Numerosity and Impracticability of Joinder</u>. Federal Rule of Civil Procedure 23(a)(1): The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are already dozens of independent truck owner-operators that Plaintiffs have identified as potential Class Members for only a fraction of the Class period extending over the past several years, and the dozens of potential Class Members identified by Plaintiffs are owner-operators along only a subset of the routes Defendants service, so the number of potential Class Members is anticipated to be in the hundreds. Each of these owner-operators is entitled to payment or return of funds improperly withheld or retained by Defendants. Individual joinder of all potential class members is impracticable.

21.     <u>Commonality and Predominance</u>: Certification of Plaintiffs' claims for class-wide treatment is appropriate because proof of the elements of the claims on a class-wide basis will involve the same evidence that would be used to establish those elements in individual actions asserting the same claims. In accord with Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3), this action involves common questions of law and fact that predominate over any questions affecting individual Class Members, including, without limitation:

a.      Defendants and prospective owner-operator Class Members entered into Leases that were identical or substantially identical in relevant aspects;

b.      Defendants engaged in identical or substantially identical payment practices relative to the prospective owner-operator Class Members;

c.      Defendants engaged in a common pattern and practice in violating the Federal commercial transportation laws and State of Michigan laws related to contracts, performance, and/or fraud, all relative to the prospective owner-operator Class Members;

d.      Defendants' misconduct, failure to act, and violations of Federal commercial transportation laws and State of Michigan law affect prospective owner-operator Class Members similarly, and, therefore, central questions of fact are common to the class as a whole; and

e.      Defendants' misconduct, failure to act, and violations of Federal commercial transportation laws and State of Michigan law with regard to funds improperly withheld or retained by Defendants is generally applicable to the class, which makes declaratory and injunctive relief appropriate with respect to the class as a whole.

22.     <u>Typicality</u>: Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class Members' claims as a whole.

23.     <u>Adequacy</u>: Federal Rule of Civil Procedure 23(a)(4): Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action and collective action litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and their counsel.

24.     <u>Declaratory and Injunctive Relief</u>: Federal Rule of Civil Procedure 23(b)(2): Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

25.     <u>Superiority</u>: Federal Rule of Civil Procedure 23(b)(3): A class action is superior in this case to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class Members involve the same types of misconduct, failure to act, and violations of Federal commercial

transportation laws and State of Michigan law by Defendants. Individual litigation will likely create an unnecessary and undue burden upon the court systems. Individualized litigation may also result in varying adjudications requiring Defendants to behave according to incompatible standards of conduct depending upon the manner in which multiple courts resolve the same issues. Individual litigation may also result in inconsistent or discordant dispositive rulings by multiple courts regarding common issues of fact and law, which may create an incentive to procedurally delay or facilitate resolution in one court or another. Class action further permits the protection of Class Members interests as a whole, which are not currently protected.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

26.    Plaintiffs and prospective Class Members are owner-operators are small businesspersons who own or control truck tractors and/or truck trailers that are used to transport property over the highways of the United States. Such owner-operators comprise one of the primary sectors of the interstate motor carrier industry, and as of August 2022, reports indicate that the American Trucking Associations found approximately 50% of truck drivers are owner-operators and that there are approximately 1.7 million such drivers in the United States.

27.    Owner-operators transport commodities, act as independent contractors, and lease or otherwise provide their equipment and services to motor

carriers that are regulated by the Department of Transportation (DOT) regulations in their ability to contract with shippers to transport property.

28.     Defendants Rayco and Bravo are motor carriers regulated by the DOT that primarily engage in the enterprise of providing transportation services to the shipping public.

29.     Defendant Rayco is reported to be an authorized carrier, as defined by 49 C.F.R. § 376.2(a), have a DOT number of 3081710, operate 39 trucks, own only 1 tractor and 0 trailers, and use the services of 31 drivers.

30.     Defendant Bravo is reported to be an authorized carrier, as defined by 49 C.F.R. § 376.2(a), have a DOT number of 1990305, operate 28 trucks, and use the services of 27 drivers.

31.     The relationship between independent truck owner-operators and regulated motor carriers is set forth in an agreement between the parties that is regulated by the DOT under 49 U.S.C. § 14102 *et seq*. and 49 C.F.R. Part 376 *et seq*.

**The Leases**

32.     Plaintiffs and Class Members entered into Lease agreements with Defendants.

33.     Under the Leases, Plaintiffs and the Class Members leased their trucks and equipment to Defendants and contracted for the services of the Plaintiffs and Class Members as operators.

34.     The terms of the Leases between Plaintiffs and Defendants are the same as or substantially similar to the agreements between the other Class Members and Defendants.

35.     Plaintiffs were compelled to terminate their contractual relationship with Defendants because of the unfair and oppressive conditions imposed upon them by the Leases and Defendants' improper withholding or retention of funds belonging to Plaintiffs and Class Members. Defendants improperly withheld compensation due for loads hauled, improperly retained escrow and other funds deducted from compensation, and affirmatively misled Plaintiffs and Class Members regarding the revenue derived from loads hauled and the amounts due therefrom.

36.     The Leases are standard agreements which Plaintiffs and each Class Member had to enter into to lease a truck tractor and other equipment to Defendants for use by Defendants in their motor carrier businesses.

37.     An exemplar of the Leases entered into by Plaintiffs and Defendants is typical of each Plaintiff's and Class Member's Lease with Defendants and is attached hereto as **Exhibit 1**.

38.     Pursuant to the Lease, Plaintiffs and Class Members contract with either Rayco or Bravo, with Laamari signing, but the two Defendant entities are used interchangeably by Laamari to compensate Plaintiffs and Class Members and to otherwise fulfill the obligations of the Lease.

39.     By its own terms, the Lease is regulated by 49 C.F.R. § 376 *et seq*.

40.     The Lease meets the definition of a "lease" pursuant to 49 C.F.R. § 376.2(e) because it comprises a "contract or arrangement in which the owner grants the use of equipment, with or without driver, for a specified period to an authorized carrier for use in the regulated transportation of property, in exchange for compensation."

41.     Plaintiffs and Class Members are "lessors" and "owners" within the meaning of 49 C.F.R. § 376.2(d),(f).

42.     Defendants are "lessees" within the meaning of 49 C.F.R. § 376.2(g).

43.     The Lease is required to be in writing pursuant to 49 C.F.R. § 376.11(a), but Defendants failed to provide Plaintiffs and Class Members with portions of the Lease in writing, including failing to provide a referenced Lease Appendix A compliant with the receipt requirement of 49 C.F.R § 376.11(b); or failing to specify insurance costs in the charge back items and escrow items listed in Lease Appendix C; or failing to explain what is included in the escrow fund identified in Lease paragraph 13 and Lease Appendix C; or failing to provide to

each Plaintiff and Class Member the Lease Appendix B referenced at Lease paragraph 9 and describing in writing the percentage compensation rate and payment terms for operating a tractor, performing expedited runs, and loading or unloading the trailer; or failing to include written provisions regarding charge back and escrow funds in Lease paragraph 10 and Lease Appendix C that comply with 45 C.F.R. § 376.12(k)(2)-(6), among other things, and Lease paragraph 21 indicates that the Lease contains the entire and complete agreement.

44.     Pursuant to 49 C.F.R. § 376.12(d), it is required in the Lease that the "amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease." Defendants stated in Lease paragraph 9 and/or Lease Appendix B percentage compensation rates that Defendants failed to comply with and did not intend to comply with. Rather, Defendants concealed or omitted reporting the true value of the shipments so that Plaintiffs and Class Members were not aware of the true values and could not protect their interest in the stated percentage compensation rate. Defendants did not specify in the Lease the compensation arrangement applied in practice through Defendants' concealment and omissions.

45.     Defendants failed to include provisions within the Lease and to comply with 49 C.F.R. § 376.12(g), stating that "[w]hen a lessor's revenue is based on a percentage of the gross revenue for a shipment, the lease must specify that the

authorized carrier will give the lessor, before or at the time of settlement, a copy of the rated freight bill, or, in the case of contract carriers, any other form of documentation actually used for a shipment containing the same information that would appear on a rated freight bill. Regardless of the method of compensation, the lease must permit lessor to examine copies of the carrier's tariff or, in the case of contract carriers, other documents from which rates and charges are computed." Instead, Defendants omitted or concealed the value of the shipments.

46.    Defendants failed to include provisions within the Lease and to comply with 49 C.F.R. § 376.12(h), stating as to charge-back items that "[t]he lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge." Instead, Defendants omitted or concealed the basis of the charges.

47.    Defendants failed to include provisions within the Lease and to comply with 49 C.F.R. § 376.12(j), by failing to specify insurance costs and that Defendants would provide a copy of the policy and a certificate of insurance establishing the cost and deductible, among other things, in the charge back items in the Lease and in Lease Appendix C. Instead, Defendants stated that "the cost of such insurance shall be as follows" and left the paragraph incomplete.

48.    Defendants failed to include provisions within the Lease and to comply with 49 C.F.R. § 376.12(k), in the following manner, among other things:

a. § 376.12 (k)(2), by failing to identify "[t]he specific items to which the escrow fund can be applied";

b. § 376.12(k)(3), by failing to "provide an accounting";

c. § 376.12(k)(4), by failing to notify the Plaintiffs and Class Members of "[t]he right of the lessor to demand to have an accounting for transactions involving the escrow fund at any time";

d. § 376.12(k)(5), by failing to notify the Plaintiffs and Class Members of, and to comply with the requirement that, "the carrier shall pay interest on the escrow fund on at least a quarterly basis"; and

e. § 376.12(k)(6), by failing to notify the Plaintiffs and Class Members of "[t]he conditions the lessor must fulfill in order to have the escrow fund returned."

49.     Defendants have failed to return escrow funds improperly withheld or retained by Defendants.

### **Defendant's Concealed and Omitted Information Relevant to Plaintiffs' and Class Members' Compensation.**

50.     Defendants concealed and omitted information showing the true value of shipments upon which Plaintiffs' and Class Members' percentage compensation rate was based.

51.     Instead, Defendants provided false shipment value information to Plaintiffs and Class Members and instructed their employees to do the same, including the following examples, which reductions are prior to further charge-backs and escrow reductions:

a. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 52% less than the agreed rate;

b. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 22% less than the agreed rate;

c. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 34% less than the agreed rate;

d. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 16% less than the agreed rate;

e. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 17% less than the agreed rate;

f.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 30% less than the agreed rate;

g. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 23% less than the agreed rate;

h. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 15% less than the agreed rate;

i. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 12% less than the agreed rate;

j. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 29% less than the agreed rate;

k. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 37% less than the agreed rate;

l.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 36% less than the agreed rate;

m. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 43% less than the agreed rate;

n.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 35% less than the agreed rate;

o.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 53% less than the agreed rate;

p.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 26% less than the agreed rate;

q.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 32% less than the agreed rate;

r.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 29% less than the agreed rate;

s.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 27% less than the agreed rate;

t.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 40% less than the agreed rate;

u.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 38% less than the agreed rate;

v.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 47% less than the agreed rate;

w. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 28% less than the agreed rate;

x.  Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 12% less than the agreed rate; and

y. Misrepresenting to a Plaintiff a shipment value so that a Plaintiff was paid 27% less than the agreed rate.

52. Defendants and their agents sent communications directing Defendants' employees not to alert the drivers, such as Plaintiffs and Class Members, of the true value of the shipments.

53. Defendant kept records showing the true values of shipments and other records showing the reduced value of shipments presented to drivers, such as Plaintiffs and Class Members, with the difference showing payments improperly reduced by more than $120,000 for one Plaintiff over a portion of one year.

## Rights and Remedies of Persons Injured by Carriers or Brokers

54. Violations of DOT regulations permit a private right of action pursuant to 49 U.S.C. § 14704(a)(2).

55. A person may file a civil action, pursuant to 49 U.S.C. § 14704(c)(1), to enforce liability against a carrier providing transportation.

56. A person filing a civil action to recover for injuries by a motor carrier is entitled to an award of attorney's fees and costs pursuant to 49 U.S.C. § 14704(e), which states that "[t]he district court *shall* award a reasonable attorney's fee under this section" and "[t]he district court *shall* tax and collect that fee as part of the costs of the action." (Emphasis added.)

57.     Defendants are each liable for Plaintiffs' and Class Members' injuries for aiding, abetting, encouraging, or requiring the violations alleged herein. 49 C.F.R. § 390.13.

## COUNT I
### Violation of 49 C.F.R. § 376.12(d) *et seq.*
### Specify Compensation

58.     Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

59.     This claim is brought on behalf of the Plaintiffs and the Class.

60.     It is required of Defendants, pursuant to 49 C.F.R. § 376.12(d), that in the Lease the "amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease."

61.     Defendants stated in Lease paragraph 9 and/or Lease Appendix B that percentage compensation rates applied, but Defendants failed to comply with and did not intend to comply with those percentage compensation rates.

62.     Defendants concealed or omitted reporting the true value of the shipments upon which the percentage compensation was due.

63.     Plaintiffs and Class Members were not aware of the true values and could not protect their interest in the stated percentage compensation rates.

64.     Defendants did not specify in the Lease the true compensation arrangement applied in practice through Defendants' concealment and omissions.

65.     Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

66.     Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

67.     Defendants are each liable for Plaintiffs' and Class Members' injuries by violating and continuing to violate 49 C.F.R. § 390.13, which states "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter."

68.     As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

69.     Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

70.     Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct

warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

## COUNT II
### Violation of 49 C.F.R. § 376.12(g) *et seq.*
### Documentation of Rates and Charges

71.    Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

72.    This claim is brought on behalf of the Plaintiffs and the Class.

73.    It is required of Defendants, pursuant to 49 C.F.R. § 376.12(g), and that the Lease state that "[w]hen a lessor's revenue is based on a percentage of the gross revenue for a shipment, the lease must specify that the authorized carrier will give the lessor, before or at the time of settlement, a copy of the rated freight bill, or, in the case of contract carriers, any other form of documentation actually used for a shipment containing the same information that would appear on a rated freight bill. Regardless of the method of compensation, the lease must permit lessor to examine copies of the carrier's tariff or, in the case of contract carriers, other documents from which rates and charges are computed."

74.    Defendants failed to comply with this requirement and, instead, omitted or concealed the value of the shipments.

75.    Defendants concealed or omitted reporting the true value of the shipments upon which the percentage compensation was due.

76.     Plaintiffs and Class Members were not aware of the true values and could not protect their interest in the stated percentage compensation rates.

77.     Defendants did not specify in the Lease the true compensation arrangement applied in practice through Defendants' concealment and omissions.

78.     Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

79.     Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

80.     Defendants are each liable for Plaintiffs' and Class Members' injuries by violating and continuing to violate 49 C.F.R. § 390.13, which states "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter."

81.     As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

82.     Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

83.    Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

### COUNT III
### Violation of 49 C.F.R. § 376.12(h) *et seq.*
### Documentation of Charge-back Items

84.    Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

85.    This claim is brought on behalf of the Plaintiffs and the Class.

86.    It is required of Defendants, pursuant to 49 C.F.R. § 376.12(h), and that the Lease state as to charge-back items that "[t]he lessor shall be afforded copies of those documents which are necessary to determine the validity of the charge."

87.    Defendants failed to comply with this requirement and, instead, omitted or concealed the basis of the charges.

88.    Defendants concealed or omitted reporting the true value and basis of the charge-back items.

89.   Plaintiffs and Class Members were not aware of the true values and basis of the charge-back items and could not protect their interest in avoiding improper charges.

90.   Defendants did not specify in the Lease the true charge-back arrangement applied in practice through Defendants' concealment and omissions.

91.   Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

92.   Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

93.   Defendants are each liable for Plaintiffs' and Class Members' injuries by violating and continuing to violate 49 C.F.R. § 390.13, which states "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter."

94.   As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

95.   Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

96.     Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

**COUNT IV**
**Violation of 49 C.F.R. § 376.12(j) *et seq.***
**Insurance Costs**

97.     Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

98.     This claim is brought on behalf of the Plaintiffs and the Class.

99.     It is required of Defendants, pursuant to 49 C.F.R. § 376.12(j), and that the Lease state as to insurance coverage that "the lease shall specify the amount which will be charged-back to the lessor"; that "the authorized carrier will provide the lessor with a copy of each policy upon the request of the lessor"; that "the authorized carrier will provide the lessor with a certificate of insurance for each such policy"; that the certificate shall include "the cost to the lessor for each type of coverage, and the deductible amount for each type of coverage for which the lessor may  be liable"; that the "lease shall clearly specify the conditions under which deductions for cargo or property damage may be made from the lessor's settlements."

100.   Defendants failed to comply with these requirements and, instead, omitted or concealed the basis of insurance charges and stated in Lease paragraph 12 and Lease Appendix D that "the cost of such insurance shall be as follows" and left the paragraph incomplete.

101.   Defendants concealed or omitted reporting the true value and basis of the insurance charge-back items.

102.   Plaintiffs and Class Members were not aware of the true values and basis of the insurance charge-back items and could not protect their interest in avoiding improper charges.

103.   Defendants did not specify in the Lease the true charge-back arrangement applied in practice through Defendants' concealment and omissions.

104.   Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

105.   Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

106.   Defendants are each liable for Plaintiffs' and Class Members' injuries by violating and continuing to violate 49 C.F.R. § 390.13, which states "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter."

107.   As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

108.   Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

109.   Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

**COUNT IV**
**Violation of 49 C.F.R. § 376.12(k)** *et seq.*
**Escrow Funds**

110.   Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

111.   This claim is brought on behalf of the Plaintiffs and the Class.

112.   It is required of Defendants, pursuant to 49 C.F.R. § 376.12(k), and that the Lease include provisions that, among other things:

      a. identify "[t]he specific items to which the escrow fund can be applied" (49 C.F.R. § 376.12 (k)(2));

28

b.  "provide an accounting" (49 C.F.R. § 376.12(k)(3));

c.  notify the Plaintiffs and Class Members of "[t]he right of the lessor to demand to have an accounting for transactions involving the escrow fund at any time" (49 C.F.R. § 376.12 (k)(4));

d.  notify the Plaintiffs and Class Members of, and to comply with the requirement that, "the carrier shall pay interest on the escrow fund on at least a quarterly basis" (49 C.F.R. § 376.12 (k)(5)); and

e.  notify the Plaintiffs and Class Members of "[t]he conditions the lessor must fulfill in order to have the escrow fund returned." (49 C.F.R. § 376.12 (k)(6).)

113.  Defendants failed to comply with these requirements and have failed to return escrow funds improperly withheld or retained by Defendants.

114.  Defendants concealed or omitted reporting the true value and basis of the escrow items.

115.  Plaintiffs and Class Members were not aware of the true values and basis of the escrow items and could not protect their interest in avoiding improper charges.

116.  Defendants did not specify in the Lease the true escrow arrangement applied in practice through Defendants' concealment and omissions.

117.   Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

118.   Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

119.   Defendants are each liable for Plaintiffs' and Class Members' injuries by violating and continuing to violate 49 C.F.R. § 390.13, which states "No person shall aid, abet, encourage, or require a motor carrier or its employees to violate the rules of this chapter."

120.   As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

121.   Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

122.   Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

**COUNT V**
**BREACH OF CONTRACT**
**Michigan Law**

123.   Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

124.   This claim is brought on behalf of the Plaintiffs and the Class.

125.   Defendants' violations of statute and regulations, misrepresentations, concealment, and omissions alleged herein, including improperly identifying, reducing, and/or communicating values of loads hauled and improperly withholding or retaining payments, escrow, and other funds, caused Plaintiff and the other Class Members to lose substantial value owed to them under the terms of the Leases. Absent Defendants' violations of statute and regulations, misrepresentations, concealment, and omissions contrary to the terms of the Leases, Plaintiffs and the other Class Members would not have accepted reduced compensation, would not have permitted Defendants' improper withholding or retention of funds, and/or would not have entered into the Leases with Defendants. Accordingly, Plaintiff and the other Class Members did not receive the benefit of their bargain.

126.   Defendants breached the Leases by violations of statute and regulations, misrepresentations, concealment, and omissions alleged herein, including improperly identifying, reducing, and/or communicating values of loads

hauled and improperly withholding or retaining payments, escrow, and other funds, all contrary to the Leases.

127. As a direct and proximate result of Defendants' breaches of contract, Plaintiffs and Class Members have sustained damage in an amount to be proven at trial, which shall include, but is not limited to, improperly withheld or retained payments, escrow, and other funds, as well as all other compensatory damages, incidental, and consequential damages, and other damages allowed by law.

## COUNT VI
## Fraudulent Concealment
## Michigan Law

128. Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

129. This claim is brought on behalf of the Plaintiffs and the Class.

130. MCL § 600.5855 states:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

131. Defendants intentionally and/or wrongfully concealed or failed to disclose material facts to Plaintiffs and Class Members, including but not limited to the following:

a.  The true value of haul loads transported by Plaintiffs and the other Class Members;

b.  That Defendants and/or their agents instructed Defendants' employees not to disclose the true value of haul loads to Plaintiffs and the other Class Members;

c.  The true value and basis of the escrow items;

d.  The specific items to which the escrow fund can be applied (49 C.F.R. § 376.12 (k)(2));

e.  The amount of interest the carrier was required to pay on the escrow fund on at least a quarterly basis (49 C.F.R. § 376.12 (k)(5)); and

f.  The conditions the lessor must fulfill in order to have the escrow fund returned (49 C.F.R. § 376.12 (k)(6)).

132.  Plaintiffs and Class Members exercised due diligence but were unaware of these facts that Defendants concealed or omitted reporting.

133.  When Defendants concealed or omitted reporting these material facts to Plaintiffs and Class Members, they did so with the intent to deceive, defraud, and/or induce Plaintiffs and Class Members into acting in reliance upon the representations Defendants had made to Plaintiffs to induce Plaintiffs to refrain from investigating further.

134.   Had Defendants disclosed the omitted facts, Plaintiffs and the Class Members would have acted differently, including pursuing recovery of improperly withheld or retained compensation, escrow funds, and/or interest.

135.   Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

136.   Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

137.   As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

138.   Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

139.   Defendants' concealment and omissions were a substantial factor in causing Plaintiffs' and Class Members' harm.

140.   But for Defendants' concealment and omissions, Plaintiffs and Class Members would have pursued recovery of improperly withheld or retained compensation, escrow funds, and/or interest.

141.   Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

**<u>COUNT VII</u>**
**Fraudulent Concealment**
**Federal Law**

142.   Plaintiffs incorporate by reference every factual allegation and the allegations of paragraphs 1 though 57 of this Complaint as if fully restated here.

143.   This claim is brought on behalf of the Plaintiffs and the Class.

144.   Federal common law tolls the statute of limitations for fraudulent concealment.

145.   Defendants wrongfully concealed their actions and made it difficult for Plaintiffs and Class Members to discover the operative facts that are the basis of this cause of action despite plaintiff's due diligence.

146.   Defendants intentionally and/or wrongfully concealed or failed to disclose material facts to Plaintiffs and Class Members, including but not limited to the following:

      a.  The true value of haul loads transported by Plaintiffs and the other Class Members;

b.  That Defendants and/or their agents instructed Defendants' employees not to disclose the true value of haul loads to Plaintiffs and the other Class Members;

c.  The true value and basis of the escrow items;

d.  The specific items to which the escrow fund can be applied (49 C.F.R. § 376.12 (k)(2));

e.  The amount of interest the carrier was required to pay on the escrow fund on at least a quarterly basis (49 C.F.R. § 376.12 (k)(5)); and

f.  The conditions the lessor must fulfill in order to have the escrow fund returned (49 C.F.R. § 376.12 (k)(6)).

147.  Plaintiffs and Class Members exercised due diligence but were unaware of these facts that Defendants concealed or omitted reporting.

148.  When Defendants concealed or omitted reporting these material facts to Plaintiffs and Class Members, they did so with the intent to deceive, defraud, and/or induce Plaintiffs and Class Members into acting in reliance upon the representations Defendants had made to Plaintiffs to induce Plaintiffs to refrain from investigating further.

149.   Had Defendants disclosed the omitted facts, Plaintiffs and the Class Members would have acted differently, including pursuing recovery of improperly withheld or retained compensation, escrow funds, and/or interest.

150.   Defendants are each liable for the acts and omissions of each other by virtue of their relationships of common control and ownership, among other things.

151.   Defendants acted to aid, abet, encourage, or require the violations of statute and regulations, concealment, and omissions of each other and/or through employees.

152.   As a direct and proximate result of Defendants' violation of statute and regulations, concealment, and omissions, Plaintiffs and Class members have sustained substantial damages and have been, and will continue to be, irreparably harmed.

153.   Defendant is liable to Plaintiff and Class members for damages in an amount to be proven at trial.

154.   Defendants' concealment and omissions were a substantial factor in causing Plaintiffs' and Class Members' harm.

155.   But for Defendants' concealment and omissions, Plaintiffs and Class Members would have pursued recovery of improperly withheld or retained compensation, escrow funds, and/or interest.

156.    Defendants' violations, concealment, and omissions were performed wantonly, maliciously, oppressively, deliberately, with intent to defraud, and/or in reckless disregard of Plaintiffs' and Class members' rights. Defendants' conduct warrants an assessment of punitive damages in an amount adequate to deter such violations and misconduct in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class Members, respectfully requests that this honorable Court enter judgment and grant the following relief in their favor and against Defendants:

a.    Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

b.    An order temporarily and permanently enjoining Defendants from continuing the unlawful practices alleged in this Complaint;

c.    An order of injunctive relief identifying each type of misconduct committed by Defendants and ordering Defendants to refrain from any further such conduct;

d.    An award of costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;

e.    An order that Defendant must pay pre- and post-judgment interest on any amounts awarded;

f.    An award of costs and attorneys' fees; and

g.    Such other or further relief as may be appropriate, including all of the other statutory remedies and common law remedies set forth elsewhere in this Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any counts that may be tried before a jury.

Respectfully Submitted,

HERTZ SCHRAM PC

*/s/ Daniel W. Rucker*

By:  Steve J. Weiss (P32174)
        Daniel W. Rucker (P67832)
Attorneys for Plaintiff
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI  48302
(248) 335-5000

Date: July 7, 2023