UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZIZ FETINCI, *et al.*,

    Plaintiffs,

v.                                          Case No. 23-11720

RAYCO LOGISTICS, LLC, *et al.*,        Sean F. Cox
                                                  United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FEDERAL CLAIMS
AND DECLINING SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS**

    Plaintiffs are independent truck owner-operators, who filed this putative class action against Defendants, purporting to bring federal claims against Defendant based upon regulations that govern 49 U.S.C. §§ 14102 and 14704(a). Plaintiffs also ask the Court to exercise supplemental jurisdiction over state-law breach of contract and fraud claims under Michigan law. The matter is currently before the Court on Defendants' Motion to Dismiss, brought under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. Defendants contend that this Court lacks subject matter jurisdiction over Plaintiffs' purported federal claims and, as a result, it cannot exercise supplemental jurisdiction over the state claims either. The parties have briefed the issues and the Court heard oral argument on April 12, 2024.

    As explained below, the Sixth Circuit has not addressed the issue of whether a private right of action for damages exists under 49 U.S.C. § 14704(a)(2). The Eight Circuit has ruled that such actions can be pursued and many courts, including district courts within the Sixth Circuit, have followed that decision. This Court will  Court follow the Eighth Circuit's lead and

allow Plaintiffs' federal claims to proceed in this case. But the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law breach of contract and fraud claims in this putative class action and dismisses those claims without prejudice.

## BACKGROUND

### A. Procedural History

Plaintiffs filed this putative class action on July 18, 2023, based upon federal-question jurisdiction. There are five named Plaintiffs: 1) Aziz Fetinci ("Fetinci"); 2) Armada Trucking Services, LLC ("Armada Trucking"); 3) Muhamed Fetic ("Fetic"); 4) Express Line Logistics, Inc. ("Express Line"); and 5) Kenan Hujdur ("Hujdur"). Plaintiffs asserts claims against the following three Defendants: 1) Rayco Logistics, LLC ("Rayco"); 2) Bravo Logistics, LLC ("Bravo"); and 3) Ray Laamari ("Laamari").

Plaintiffs' "Class Action Complaint" states that "[t]his action arises in part under 49 U.S.C. §§ 14102 and 14704(a)(1) and (2), and 49 C.F.R. Part 376 *et seq*. for violation of the leasing regulations governing the terms and conditions pursuant to which motor carriers may leave equipment from owner-operators for the transport of property." (Compl. at ¶ 12). The counts in the complaint allege violations of regulations issued in relation to those federal statutes:

1) "Violation of 49 C.F.R. § 376.12(d) *et seq*. Specify Compensation" (Count I);

2) "Violation of 49 C.F.R. § 376.12(g) *et seq*. Documentation of Rates and Charges" (Count II);

3) "Violation of 49 C.F.R. § 376.12(h) *et seq*. Documentation of Charge-back Items" (Count III);

4) "Violation of 49 C.F.R. § 376.12(j) *et seq*. Insurance Costs" (Count IV);

and

5) "   Violation of 49 C.F.R. § 376.12(k) *et seq*. Escrow Funds (Count V[1]).

(Compl. at 20, 22, 24, 26, & 28).

The Complaint also includes two state-law claims brought under Michigan law: 1) "Breach of Contract" and 2) "Fraudulent Concealment." Finally, the Complaint also includes a count labeled "Fraudulent Concealment Federal Law," that is not a substantive count, but rather, an attempt to toll the statutes of limitation that apply to Plaintiffs' purported federal claims. (Compl. at 35).

On November 6, 2023, Defendants filed a Motion to Dismiss (ECF No. 12).

**B.    Standard Of Decision**

Defendants' Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction.

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction," while a "[f]actual attack challenges the factual existence of subject matter jurisdiction." *Id*.

In the pending motion, Defendants make a *facial* challenge to subject matter jurisdiction over this case. (*See* Defs.' Br. at 3-4). As such, the Court looks the allegations in Plaintiffs' Complaint.

---

[1]This Count is mis-numbered as a second Count IV in the Complaint.

Plaintiffs, as the party asserting federal jurisdiction in this case, have the burden of establishing it. *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021).

**C.      Relevant Allegations In Complaint**

Plaintiffs, and the prospective class members they seek to represent, are "owner-operators" "who own or control truck tractors and/or truck trailers that are used to transport property over the highways of the United States." (Compl. at ¶ 26). Such "[o]wner-operators transport commodities, act as independent contractors, and lease or otherwise provide their equipment and services to motor carriers that are regulated by the Department of Transportation (DOT) regulations in their ability to contract with shippers to transport property." (*Id.* at ¶ 27).

Defendants Rayco and Bravo "are motor carriers regulated by DOT that primarily engage in the enterprise of providing transportation services to the shipping public." (*Id.* at ¶ 28). Defendants Rayco and Bravo are alleged to be authorized carriers, as defined by 49 C.F.R. § 376.29(a), with assigned DOT numbers, who respectively operate 39 and 28 trucks, using the services of 31 and 27 drivers. (*Id.* at ¶ 29 & 30).

Plaintiffs allege that the "relationship between independent truck owner-operators and regulated motor carriers is set forth in an agreement between the parties that is regulated by the DOT under 49 U.S.C. § 14102 *et seq.* and 49 C.F.R. Part 376 *et seq.*" (*Id.* at ¶ 31). At some point prior to the litigation, Plaintiffs allege that they "entered into Lease Agreements with Defendants" under which they "leased their trucks and equipment to Defendants and contracted for the services of the Plaintiffs." (*Id.* at ¶ 32).

Plaintiffs allege that their contracts with Defendants failed to include certain provisions, that they allege are required under regulations implemented under the statutes cited.

Plaintiff allege that they terminated their contracts with Defendants, due to "unfair and oppressive conditions imposed upon them" and other actions taken by Defendants.  (*Id.* at ¶ 35). Thus, the named Plaintiffs already terminated their contracts with Defendants Rayco and Bravo.

Plaintiffs' Complaint asserts that "Violations of DOT regulations permit a private right of action pursuant to 49 U.S.C.§ 14704(a)(2)."  (*Id*. at ¶ 54).  They further assert that a "person may file a civil action, pursuant to 49 U.S.C. § 14704(c)(1), to enforce liability against a carrier providing transportation."  (*Id*. at ¶ 55).  Plaintiffs allege that "Defendants are each liable for Plaintiffs' and Class Members' injuries for aiding, abetting, encouraging, or requiring the violations alleged herein.  49 C.F.R. § 390.13."  (*Id*. at ¶ 57).

## ANALYSIS

I.      **The Court Rejects Defendant's Challenge To Plaintiffs' Federal Claims.**

Plaintiffs' Complaint asserts that "Violations of DOT regulations permit a private right of action pursuant to 49 U.S.C.§ 14704(a)(2)."  (Compl. at ¶ 54).  Plaintiffs' brief makes clear that this is a civil action for damages brought pursuant to 49 U.S.C. § 14704(a)(2), for Defendants' alleged violation of implementing regulations promulgated under the statute – commonly referred to as the Truth-in-Leasing regulations.  (Pls.' Br. at 5).

"'Congress's substantive purpose in authorizing the Truth-in-Leasing regulations was to protect owner-operators.'" *In re Arctic Express, Inc*., 636 F.3d 781, 795 (6th Cir. 2011) (quoting *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc*., 367 F.3d 1108, 1115 (9th Cir. 2004)).  "The stated objective of these provisions" was "to promote truth-in-leasing—a full disclosure between the carrier and the owner-operator of the elements, obligations, and benefits of leasing contracts signed by both parties; ... to eliminate or reduce opportunities for skimming

5

and other illegal or inequitable practices [by motor carriers]; and ... to promote the stability and economic welfare of the independent trucker segment of the motor carrier industry." *Id.*

Here, the parties disagree as to whether this Court may exercise subject matter jurisdiction over a private action for damages brought pursuant to 49 U.S.C. § 14704(a)(2).

Both parties acknowledge that the Sixth Circuit has not squarely addressed the issue of whether a private right of action for damages exists under 49 U.S.C. § 14704(a)(2).

Defendants' position is that private rights of action under federal law must be created by Congress. They contend that Sections 14102 and 14704(a)(1) and (2) "authorize federal courts only to enforce orders from the Surface Transportation Board or the Secretary of Transportation and to enjoin carriers from violating statutory rights," and that they do not authorize a civil action for monetary damages. They rely on the language of the statutory text and contend that a district court in Louisiana reached the correct result in an unpublished case, *C&H Trucking, Inc. v. New Orleans Trucking*, 2016 WL 3854438 (E.D. La. 2016).

Again, Plaintiffs cannot direct the Court to any binding authority to support their position. But Plaintiffs direct the Court to a non-binding Eighth Circuit case (*Owner-Operator of Ind. Drivers Assoc. v. New Prime, Inc.*, 192 F.3d 778 (1999)), and additional decisions that followed *New Prime's* lead. This position relies more on practical considerations and legislative history, rather than the actual text of the statutes at issue.

49 U.S.C. § 14704 is titled "Rights and remedies of persons injured by carriers or brokers." Subsection (a) provides:

> **(a) In general**. –
>
> **(1) Enforcement of order**. – A person injured because a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 does

> not obey an order of the Secretary or the Board, as applicable, under this part, except an order for the payment of money, may bring a civil action to enforce that order under this subsection. A person may bring a civil action for injunctive relief for violation of sections 14102, 14103, and 14915©.
>
> **(2) Damages for violations**. – A carrier or broker providing transportation or service to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part.

49 U.S.C. § 14704(a).

In *New Prime*, the Eighth Circuit addressed these "complex issues of statutory construction" in analyzing this statute. *New Prime*, 192 F.3d at 780.

The Eighth Circuit concluded that the "first sentence of § 14704(a)(1) does not authorize" owner-operators "to sue for violations of the Truth-in-Leasing regulations." *Id*. at 784. It so concluded because the text of that first sentence "granted private parties the right to sue to enforce an 'order of the Secretary' that a carrier has not obeyed." *Id*. It then discussed the second sentence of § 14704(a)(1) and concluded that "Section 14704(a)(1) creates a private right of action for injunctive relief for violations of regulations promulgated under § 14102(a)." *Id*. at 784. It so ruled because its plain language "is not limited to violations of agency orders." *Id*. It also believed that construing it as being limited to actions brought to enforce the FHWA's orders "would make little practical sense" because "a party suing to enforce an agency order is unlikely to need relief beyond enforcement of the order." *Id.*

In this case, Plaintiffs do not contend, and their Complaint does not assert, that they can bring a civil action for damages under § 14704(a)(1). Rather, Plaintiffs seek to bring a civil action for damages under § 14704(a)(2).

In *Prime Rate*, the Eighth Circuit concluded that § 14704(a)(2) "authorizes private parties

to sue for damages for carrier conduct," to "remedy at least some violations of the Motor Carrier Act and its implementing regulations" although it declined to specify which ones. *Id*. at 785. In so concluding, the Court relied more on legislative history than on the actual text of the statute:

> Section 14704(a)(2) provides that "[a] carrier ... is liable for damages sustained by a person as a result of an act or omission of that carrier ... in violation of this part." The Owner–Operators argue this statute creates an express private right of action to remedy violations of the Truth–in–Leasing regulations. Prime argues § 14704(a)(2) must be read with § 14704(a)(1) as limited to actions to enforce agency orders. We decline to read these two subsections as interrelated. They are separate parts of § 14704(a), which is entitled, "In General." Moreover, a review of § 14704 in the two bills that were sent to conference, H.R. 2539 and S. 1396, reveals that the Conference Committee drafters reorganized this section in the final bill—the enforcement of agency orders section that is now § 14704(a)(1) and the damage remedy that is now § 14704(a)(2) were not previously linked.
>
> The carriers further argue that the language of § 14704(a)(2)—a carrier "is liable for damages sustained" on account of a "violation of this part"—is not sufficient to authorize a private right of action for damages for violations of FHWA regulations. In this regard, **we confess to being rather mystified by the inconsistent language used in the Termination Act's various enforcement provisions**. **In § 14702(a)(2) and § 14703(1), Congress authorized FHWA and the Attorney General to sue "to enforce this part *or a regulation or order*," whereas § 14704(a)(2) makes carriers liable in damages for conduct "in violation of this part." Moreover, the language of § 14704(a)(1) explicitly gives private parties the right to sue, whereas § 14704(a)(2) passively says that a carrier "is liable for damages sustained by a person." Despite these linguistic imperfections and inconsistencies**, the most logical reading of the language of § 14704(a)(2) is that it authorizes private parties to sue for damages for carrier conduct "in violation of [regulations promulgated under] this part." And **that interpretation is certainly reinforced by the legislative history** of § 14704(a)(2). The Conference Report stated that § 14704(a)(2) "provides for private enforcement of the provisions of the Motor Carrier Act in court.... The ability to seek injunctive relief for motor carrier leasing ... violations is in addition to and does not in any way preclude the right to bring civil actions for damages for such violations." H.R. Conf. Rep. No. 104–422 at 221–22, reprinted in 1995–2 U.S.C.C.A.N. at 906–07. In construing **this inconsistently drafted statute, it is appropriate to use its legislative history** to confirm the most plausible construction of a subsection's plain language. *See Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 610 n. 4, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991).

*Id*. at 784-85 (italics in original; bolding added for emphasis).

Several non-binding decisions cited by Plaintiffs rely on *New Prime* and have followed its lead, including district court decisions within the Sixth Circuit. *See, eg. Fitzpatrick v. Morgan Southern, Inc.,* 261 F.Supp.2d 978 (W.D. Tenn. 2003) (Deferring to the "Eighth Circuit's well-reasoned decision" in *New Prime*, "which held that a plaintiff may bring a private right of action for damages under § 14704(a)(2)."); *Owner-Operators Indep. Drivers Assoc. v. Arctic Express, Inc.,* 87 F.Supp.2d 820 (S.D. Ohio 2000) (following *New Prime*); *Solheim v. Earl E. Foss Trucking, Inc.,* 2005 WL 4708180 (D. MT. 2005) (Adopting reasoning of *New Prime, Fitzpatrick,* and other cases and concluding "that § 14704(a)(2) does provide a private right of action for damages violations of 49 C.F.R. § § 376.11-12."); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, Inc*., 161 F. Supp.2d 948 (S.D. Indiana. 2001) (following *New Prime*).

And other decisions reflect that numerous courts have allowed private causes of action for money damages, brought under § 14704(a)(2), to proceed in federal court (without the issue even having been addressed). *See, eg.*, *Fox v. Transam Leasing, Inc*., 839 F.3d 1209 (10th Cir. 2016) (Finding damages claim based on truth-in-leasing regulations failed because it was not supported by sufficient evidence); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc*., 622 F.3d 1307, 1325-26 (11th Cir. 2010) (Noting that the courts "that have considered the issue have reached the conclusion that § 14704(a)(2) requires evidence of actual damages," and remanding to district court for evidentiary hearing as to whether plaintiff owner-operators could prove actual damages sustained by virtue of the Truth-in-Leasing regulation at issue); *Goodwin v. American Marine Express, Inc*., 2021 WL 848948 (N.D. Ohio 2021) (Finding an issue of fact existed as to whether plaintiff owner-operators could prove monetary damages for breach of

Truth-in-Leasing regulations claim, brought under § 14704(a)(2)). If there were no subject-matter jurisdiction over such claims, they would have been dismissed for that mandatory threshold reason, but they were not.

Defendants focus on the actual language of the statute, and cannons of statutory construction, and argue that the actual text of § 14704(a)(2) does not create a private right of action for monetary damages. They do so by focusing on the interplay between various portions of the statute at issue and by ignoring the practical considerations that were addressed by the Eighth Circuit in *New Prime* – eg., the fact that the agency itself argued that private disputes over the regulations should be resolved in federal court and declined to exercise its administrative jurisdiction. Notably, the decision Defendants direct the Court to in support of their position is an unpublished district court decision out of Louisiana (*C&H Trucking*).

Although it is conceivable that the Sixth Circuit, when presented with the issue, could depart from *New Prime* and all of the case law that followed in its wake over the past two decades, the Court believes that is unlikely. The Court shall follow *New Prime* and the other decisions from within the Sixth Circuit, reject this ground for relief, and rule that the plaintiff owner-operators may bring a private right of action for damages under 49 U.S.C. § 14704(a)(2).

## II. This Court Declines To Exercise Supplemental Jurisdiction Over Plaintiffs' State-Law Claims And Dismisses Them Without Prejudice.

As Defendants correctly note in their motion, if this Court agrees with them and dismisses Plaintiffs' federal claims, then there would be no basis for this Court to exercise supplemental jurisdiction over Plaintiffs' state-law claims, brought under Michigan law.

Although this Court concludes that Plaintiffs may pursue their federal claims in this action, it is still appropriate for the Court to consider whether it should exercise supplemental

10

jurisdiction over Plaintiffs' state-law claims in this putative class action.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367©. A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

This Court concludes that Plaintiffs' state-law claims may raise complex issues of state law. In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiffs' federal claims were presented to a jury along with Plaintiffs' state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims in this putative class action. As such the Court declines to exercise supplemental jurisdiction over any state-law claims in this action and shall dismiss them without prejudice.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Defendant's Motion to Dismiss is DENIED as to the challenges made to Plaintiffs' federal claims and those claims remain in this action.

The Court further ORDERS that the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over any state-law claims in this action and DISMISSES the breach of contract and fraudulent concealment claims WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                              s/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated: April 25, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on the date above by electronic and/or ordinary mail.

                                              s/Jennifer McCoy  
                                              Case Manager